FRANK CANDIANO, PLAINTIFF, v. HORACE PITTENGER, GEORGE W. PITTENGER AND PETER G. HOFFMAN, DEFENDANTS.

For the motion, *Edwards & Smith.*

Opposed, *Henry K. Golenbock.*

LAWRENCE, S. C. C.   This is an automobile accident case involving a collision of vehicles, one of which was driven by Horace Pittenger and owned by George W. Pittenger, while the other was owned and driven by Peter G. Hoffman.   Plaintiff was riding as a guest in the Hoffman car and seeks damages against the defendants jointly for alleged injuries.   The defendants filed separate answers denying negligence, each driver accusing the other of being solely responsible for the accident.   The defendant Hoffman annexes to his answer a counter-claim against his co-defendants for personal injuries and damage to his automobile.

Defendants Pittenger move to strike the counter-claim on the ground that it is improperly filed, cannot be conveniently tried in the present suit, and that permission should have been obtained from the court for leave to issue a summons and a counter-claim in the nature of a complaint therewith.

It is not at all clear, however, that the counter-claim is

improperly filed. Rules 65, 66 and 68 of the Supreme Court, particularly the latter, indicate that this may be done. A counter-claim is deemed to be a cross action and may designate those not made parties by the complaint. Rule 68 speaks of a counter-claim where a co-defendant is made a party to it, while the Practice act (1912) contemplates a liberal construction, "to the end that legal controversies may be speedily and finally determined according to the substantive rights of the parties," therefore, section 12 permits a defendant to counter-claim or set off any cause of action. In such case, he may, and when required by the court shall, "issue summons" against any *third party* necessary to be brought in; but *in the discretion of the court,* separate trials may be ordered, or if the counter-claim cannot be conveniently disposed of in the pending action, the court may strike it out.

Since it is thus made discretionary in the court, or largely so, with regard to a determination of all the issues arising out of the same cause of action or based on the same set of facts, it would seem that no difficulty or inconvenience will arise in trying out the counter-claim in the present suit. Should it appear, under a fair preponderance of the proof, that defendant Hoffman had been wholly blameless, had not been negligent, in other words, he could, in such circumstances, have been made a party plaintiff, or it would then appear that he should have been. Since plaintiff chose, however, to make him a co-defendant with the others, it is not perceived why a proper verdict may not be entered on his counter-claim, should it be proven at the trial that the collision was solely due to the negligence of the driver of the Pittenger car. From the procedural and practice standpoint, there would seem to be nothing irregular, if the evidence so warranted, under the recognized rules, in a verdict in favor of the plaintiff against the defendants in question, and on the counter-claim in favor of defendant filing it against them also. The conclusion is, therefore, that the motion to strike the counter-claim on the present motion should be denied, but without costs.